*E-FILED - 9/8/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAILASH C. CHAUDHARY, | ) | No. C 09-3560 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| vs. | ) | |
| | ) | |
| BOARD OF PRISON TERMS, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, a state parolee proceeding <u>pro se</u>, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking immediate discharge from parole.  Petitioner has paid the filing fee.  The court orders respondents to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, in 1988, petitioner pleaded guilty to and was convicted of second degree murder.  Petitioner was released on lifetime parole in March 2005.[1]  Petitioner filed a state habeas petition in superior court.  In the petition, petitioner alleged that he was entitled to immediate discharge based on the time spent in prison beyond his initial parole grant.

---

[1]  The Board of Prison Terms ("Board") initially granted parole on September 9, 2002, however the Governor reversed the grant.  After seeking state habeas relief, the Governor's reversal was reversed and the initial grant of parole reinstated.  (Petition, Ex. H.)

1    The superior court granted petitioner's petition on March 28, 2008, finding the period of time

2    petitioner spent in prison after his initial grant of parole should be credited toward his parole

3    discharge eligibility term and directing the Board to provide petitioner with a new discharge

4    hearing.  (Petition, Ex. G.)  The California Court of Appeal reversed that decision and denied his

5    petition on March 13, 2009.  (Id., Ex. H.)  The California Supreme Court denied his review on

6    June 10, 2009.  Petitioner thereafter filed the instant petition on August 4, 2009.

**DISCUSSION**

7

8    **A.**    **Standard of Review**

9            This court may entertain a petition for writ of habeas corpus "in behalf of a person in

10   custody pursuant to the judgment of a state court only on the ground that he is in custody in

11   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose

12   v. Hodges, 423 U.S. 19, 21 (1975).

13           A district court shall "award the writ or issue an order directing the respondent to show

14   cause why the writ should not be granted, unless it appears from the application that the

15   applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

16   **B.**    **Petitioner's Claims**

17           As grounds for federal habeas relief petitioner claims that (1) his time in prison after the

18   first grant of parole should be credited toward his parole term,[2] see McQuillon v. Duncan, 342

19   F.3d 1012 (9th Cir. 2003) and (2) he was initially released on a fixed parole period and a

20   subsequent change to a life parole period violates due process, double jeopardy, and ex post

21   facto[3].  Liberally construed, petitioner's allegations are sufficient to require a response.  The

22   court orders respondent to show cause why the petition should not be granted.

23   **C.**    **Dismissed Claims**

24           Petitioner also claims that his parole discharge review documents were improperly

25   withheld from him (Claim 4).  Further, petitioner takes issue with several of Deputy Attorney

26   ─────────────────

27        [2]  The court finds that claims 1 and 2 can be subsumed into one.

28        [3]  The court finds that claims 3 and 6 can be subsumed into one.

1   General Amber N. Wipfler's recitation of facts in state court briefs (Claim 5).  These claims fail

2   to state a federal claim for relief and are DISMISSED.  See 28 U.S.C. § 2254(a).

3                                      **CONCLUSION**

4       1.      Claims 4 and 5 of the instant petition are DISMISSED.

5       2.      The clerk shall serve by mail a copy of this order and the petition (docket

6   no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the

7   Attorney General of the State of California.  The clerk shall also serve a copy of this order on the

8   petitioner.

9       3.      Respondent shall file with the court and serve on petitioner, within **ninety days** of

10  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

11  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

12  Respondent shall file with the answer and serve on petitioner a copy of all portions of the

13  underlying state criminal record that have been transcribed previously and that are relevant to a

14  determination of the issues presented by the petition.

15      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

16  court and serving it on respondent within **thirty days** of the date the answer is filed.

17      4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an

18  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

19  2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a motion,

20  petitioner shall file with the court and serve on respondent an opposition or statement of non-

21  opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the

22  court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

23      5.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

24  all communications with the court must be served on respondent by mailing a true copy of the

25  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

26  change of address by filing a separate paper captioned "Notice of Change of Address."  He must

27  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

28  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1    IT IS SO ORDERED.



2    DATED: __9/4/09_____

RONALD M. WHYTE
United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28