*E-FILED - 9/30/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAILASH C. CHAUDHARY, | No. C 09-3560 RMW (PR) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS; GRANTING CERTIFICATE OF APPEALABILITY |
| vs. | |
| BOARD OF PRISON TERMS, et al., | |
| Respondents. | |

Petitioner, a state parolee proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking immediate discharge from parole. Respondents have filed a motion to dismiss. Petitioner filed an opposition and respondents filed a reply. For the reasons stated below, the court GRANTS respondent's motion to dismiss.

**BACKGROUND**

According to the petition, in 1988, petitioner pleaded guilty to and was convicted of second degree murder. Petitioner was released on lifetime parole in March 2005.[1] Petitioner filed a state habeas petition in superior court. In the petition, petitioner alleged that he was

---

[1] The Board of Prison Terms ("Board") initially granted parole on September 9, 2002, however the Governor reversed the grant. After seeking state habeas relief, the Governor's reversal was reversed and the initial grant of parole reinstated. (Petition, Ex. H.)

Order Granting Motion to Dismiss; Granting Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Chaudhary560oscdis.wpd

1  entitled to immediate discharge from parole based on the time spent in prison beyond his initial
2  parole grant.  The superior court granted petitioner's petition on March 28, 2008, finding the
3  period of time petitioner spent in prison after his initial grant of parole should be credited toward
4  his parole discharge eligibility term and directing the Board to provide petitioner with a new
5  discharge hearing.  (Petition, Ex. G.)  The California Court of Appeal reversed that decision and
6  denied his petition on March 13, 2009.  (Id., Ex. H.)  The California Supreme Court denied his
7  review on June 10, 2009.

8  Petitioner thereafter filed the instant petition on August 4, 2009.  In its preliminary
9  screening, liberally construing the petition, the court found two cognizable claims:
10  (1) petitioner's time in prison after the first grant of parole should be credited toward his parole
11  term, see McQuillon v. Duncan, 342 F.3d 1012 (9th Cir. 2003), and (2) petitioner was initially
12  released on a fixed parole period and a subsequent change to a lifetime parole period violated
13  due process, double jeopardy, and the ex post facto law.

14  **DISCUSSION**

15  Respondent moves to dismiss this action because (1) petitioner's first claim fails to state
16  a federal claim and (2) petitioner's second claim is unexhausted.  Petitioner opposes the motion,
17  however, he does not specifically refute respondent's grounds for dismissal with any legal
18  support.

19  1.  Failure to state a claim

20  In the first claim, petitioner alleges the excess time he served in prison between the date
21  the Board granted parole and the date the state court reversed the governor's decision denying
22  the grant of parole should be credited toward his parole term, so that he is entitled to discharge of
23  parole.  The court agrees with respondent that petitioner's first claim does not state a cognizable
24  federal claim.

25  "A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of
26  some transgression of federal law binding on the state courts."  See Middleton v. Cupp, 768 F.2d
27  1083, 1085 (9th Cir. 1985).  A federal writ is not available for alleged error in the interpretation

28
Order Granting Motion to Dismiss; Granting Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Chaudhary560oscdis.wpd

or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Rather, the court is limited to deciding whether the petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States.  Id.

Here, petitioner's allegation does not involve a deprivation of any federally protected right.  Instead, because petitioner's claim involves only an alleged state law error, it is not cognizable on federal habeas review.  See, e.g., Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989) (holding that a claim that the trial court misapplied section 654 of the California Penal Code in sentencing was not cognizable in a federal habeas petition); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (explaining that a federal petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process").  Petitioner does not allege that any error violated a federal constitutional law.  See id.  Rather, he claims that the state courts' remedy was improper.  Further, the court is unaware of any federal law implicated in the state courts' refusal to credit petitioner's parole term based on its interpretation of state law.

In addition, petitioner's claim has been rejected by the state courts.  Petitioner's parole term is governed by section 3000.1 of the California Penal Code.  That statute provides:

> (a) In the case of any inmate sentenced under Section 1168 for any offense of first or second degree murder with a maximum term of life imprisonment, the period of parole, if parole is granted, shall be the remainder of the inmate's life.
>
> (b) Notwithstanding any other provision of law, when any person referred to in subdivision (a) has been released on parole from the state prison, and has been on parole continuously for seven years in the case of any person imprisoned for first degree murder, and five years in the case of any person imprisoned for second degree murder, since release from confinement, the board shall, within 30 days, discharge that person from parole, unless the board, for good cause, determines that the person will be retained on parole. The board shall make a written record of its determination and transmit a copy of it to the parolee.

In his state habeas petition, the Court of Appeal interpreted this state statute in rejecting petitioner's claim and concluded, "By placing these explicit limitations on the parole discharge eligibility requirements, the Legislature made unmistakably clear that a parolee must first have been "released on parole" and must then complete five continuous years on parole after the

Order Granting Motion to Dismiss; Granting Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Chaudhary560oscdis.wpd

1   parolee's "release from confinement. This intent explicitly precludes the application of any time
2   spent in custody prior to release to satisfy any part of section 3000.1's five-year parole discharge
3   eligibility requirement." (Mot., Ex. 1, App. A at 5.) It went on to state that it was impossible to
4   apply credits to a lifetime parole period and, furthermore, that the explicit language of the statute
5   established that any time spent while incarcerated could not be applied to satisfy any part of
6   section 3000.1's five year eligibility requirement. (Id.)

7         This court is bound by the state courts' determination of state law. See Bradshaw v.
8   Richey, 546 U.S. 74, 76 (2005) (per curiam) (noting that the Supreme Court has repeatedly held
9   that "a state court's interpretation of state law, including one announced on direct appeal of the
10  challenged conviction, binds a federal court sitting in habeas corpus").

11        At least one district court, however, has suggested that federal due process concerns are
12  raised when a prisoner is excessively confined and, when that occurs, the prisoner may be
13  entitled to credit for his excessive confinement against this time period for discharge under
14  § 3000.1. See Thompson v. Carey, 2009 WL 1212202, *4-*5 (E.D.Cal. 2009) (holding that a
15  petitioner serving life sentence was entitled to a credit against his period of parole) (citing
16  McQuillion v. Duncan, 342 F.3d 1012 (9th Cir. 2003)). In Thompson, the petitioner's habeas
17  petition challenged the Governor's reversals of parole grants on the ground that they were not
18  supported by "some evidence." Thompson, 2009 WL 1212202 at *2. The court disagreed and
19  granted habeas relief. In fashioning a remedy, because the parties had initially represented that
20  petitioner was subject to a five-year fixed parole period, the court determined that if petitioner
21  had been released when he was initially granted parole by the Board in 2003, he would have
22  already completed his five-year term. Id. Thus, the court ordered that petitioner be discharged
23  from parole. Id. Not until respondent filed a motion to reconsider did respondent inform the
24  court that section 3000.1 applied to petitioner. Id. Nevertheless, the court concluded that
25  petitioner could receive credit toward his lifetime parole period. Id. at *3-5.

26        In contrast here, the state court previously remedied petitioner's constitutional violation,
27  finding that there was no evidence that petitioner was still a danger to society, and directed the
28

Order Granting Motion to Dismiss; Granting Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Chaudhary560oscdis.wpd

Board to release him on parole. In his federal petition, petitioner merely challenges the remedy he received rather than an underlying constitutional violation. Moreover, in McQuillion, the petitioner there had been convicted of a murder that took place before 1973. McQuillion, 342 F.3d at 1015. Pursuant to then-applicable state law, that petitioner received an indeterminate sentence of seven years to life with the possibility of parole, and a three-year fixed parole term. Id. The Ninth Circuit concluded that the period during which the petitioner was unlawfully incarcerated should be credited against his three-year parole term. Id. Unlike the petitioner in McQuillion, this petitioner is subject to a lifetime parole term and section 3000.1's parole discharge eligibility requirement applies to him. As the California Court of Appeal explained, the language of § 3000.1 regarding parole discharge requires that the parolee serve five continuous years on parole "since [the parolee's] release from confinement" before parole discharge is appropriate.

Accordingly, the court DISMISSES this claim for failure to state a cognizable claim for relief. Cf. Rios v. Mendoza-Powers, 2010 WL 1032696, *2-*3 (E.D. Cal. 2010) (finding no federal habeas relief was available where the petitioner already had been released from prison and was subject to Cal. Penal Code § 3000.1); Boyd v. Salazar, 2009 WL 2252507, *2 (C.D. Cal. 2009) (same).

2.  Failure to exhaust

In the second claim, petitioner alleges that he was released on a fixed parole period of three years and the subsequent change to a lifetime parole term violated due process, double jeopardy, and the ex post facto law. The court agrees with respondent that petitioner failed to exhaust this claim.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The state's highest court must

1  be given an opportunity to rule on the claims even if review is discretionary.  See O'Sullivan v.
2  Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's
3  established appellate review process.").  The exhaustion requirement is not jurisdictional, but
4  rather a matter of comity.  See Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  However, a
5  district court may not grant the writ unless state court remedies are exhausted or exhaustion there
6  is either "an absence of available state corrective process" or such process has been "rendered
7  ineffective."  See 28 U.S.C. § 2254(b)(1)(A)-(B).

   Here, petitioner does not dispute that he only filed one petition for review to the
California Supreme Court.  (Mot. at 2-4.)  A review of the petition demonstrates that petitioner
did not raise the claims regarding a fixed parole period and, in fact, analyzed the interpretation of
section 3000.1 as it applied to him, thus impliedly conceding that he was subject to a lifetime
parole period.  (Mot. Ex. 1.)  As previously discussed, section 3000.1 directs that inmates who
are convicted of first and second degree murders shall receive a parole term of life.  In addition,
the California Court of Appeal noted that petitioner conceded in his state appellate briefs that he
was subject to a lifetime parole term.  (Mot. Ex. 1, App. A at 3.)

   Accordingly, the court DISMISSES this claim for failure to exhaust.

## CONCLUSION

   For the foregoing reasons, respondent's motion to dismiss is GRANTED.  The clerk shall
The clerk shall enter judgment in favor of respondent, terminate all pending motions, and close
the file.

## CERTIFICATE OF APPEALABILITY

   The federal rules governing habeas cases brought by state prisoners require a district
court that dismisses or denies a habeas petition to grant or deny a certificate of appealability
("COA") in its ruling.  See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254
(effective December 1, 2009).

   Although the court has not found that petitioner is entitled to relief, the petition does raise
an issue that jurists of reason would find debatable: namely, whether his federal due process

Order Granting Motion to Dismiss; Granting Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Chaudhary560oscdis.wpd

rights were violated by the failure to give him credit against the five-year service requirement of section 3000.1(b). For the reasons discussed above, the petition does not show that jurists of reason would find it debatable whether this court was correct in its procedural ruling on petitioner's second claim. Therefore, the court issues a COA only as to Claim 1. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)..

IT IS SO ORDERED.

DATED: 9/30/10

RONALD M. WHYTE
United States District Judge